**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0010n.06
Filed: January 7, 2009

**No. 07-3818**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| MARK MAKLAJ, FILE MAKLAJ, ILIR MAKLAJ, and DORINA MAKLAJ, | ) ) ) | |
| Petitioners, | ) ) | ON PETITION FOR REVIEW FROM AN ORDER OF THE BOARD OF IMMIGRATION APPEALS |
| v. | ) ) | |
| MICHAEL B. MUKASEY, | ) ) | |
| Respondent. | ) ) ) | **O P I N I O N** |

**Before: DAUGHTREY and ROGERS, Circuit Judges, and RESTANI, Judge.**[*]

**RESTANI, Judge.** Petitioners Mark Maklaj, File Maklaj, Ilir Maklaj, and Dorina Maklaj

seek review of an order by the Board of Immigration Appeals ("BIA") affirming the order of an

Immigration Judge ("IJ") denying them asylum and withholding of removal under the Immigration

and Nationality Act ("INA") and the Convention Against Torture ("CAT"). We deny the petition.

Petitioners are Albanian citizens. Lead Petitioner Mark Maklaj testified that after the

Socialist Party of Albania gained power in 1997, he was arrested and detained twice, beaten or

maltreated four times, and insulted twice because of his support for the Democratic Party.[1] Maklaj

further testified that after one of the detentions, he sustained internal injuries and headaches, and that

---

[*] Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

[1] Maklaj also testified that, on one occasion, an unknown man screamed at him, insulted him, ran toward him, and threw a bomb or dynamite at him.

he sought treatment from a neighbor, who was a doctor, and from his wife, File, after both detentions.

In January 2001, Maklaj and his wife came to the United States on tourist visas. The Department of Homeland Security initiated removal proceedings against them for overstaying their visas, and against two of their children, Ilir and Dorina, who entered the United States illegally.

The IJ denied Petitioners' application[2] for asylum and withholding of removal under the INA and the CAT and ordered their deportation to Albania. Although the IJ found that Maklaj's testimony "lacked the ring of credibility," J.A. 44, the IJ did not make an explicit adverse credibility determination, see J.A. 3. On administrative appeal, the BIA affirmed the IJ's order. The BIA found that Maklaj did not demonstrate past persecution because his testimony lacked specific detail and corroboration and that Maklaj did not establish a well-founded fear of future persecution because the Democratic Party returned to power in 2005, and the State Department country reports for Albania indicated no politically motivated detentions, killings, or disappearances. Petitioners challenge these findings.[3]

We have jurisdiction to review the order of the BIA pursuant to 8 U.S.C. § 1252. "We review administrative findings of fact . . . under the substantial evidence standard." Singh v. Ashcroft, 398 F.3d 396, 400 (6th Cir. 2005). Petitioners' claim that Maklaj established his eligibility

---

[2] Maklaj submitted the application, and his wife and children proceeded under the application as "riders." (J.A. 31; Pet'r's Br. 11.)

[3] Petitioners do not challenge the BIA's denial of their due process claims.

for asylum fails because substantial evidence supports the BIA's determination that Maklaj did not demonstrate past persecution or a well-founded fear of future persecution.

An applicant for asylum has the burden of proving that "he or she has suffered past persecution or . . . has a well-founded fear of future persecution." 8 C.F.R. §§ 208.13(a)–(b). To establish past persecution, an asylum applicant must show "that he or she was specifically targeted by the government for abuse," and "the court should consider whether the applicant was subjected to physical harm and suffering or simply verbal threats and intimidation, and the gravity of the circumstances presented." Gilaj v. Gonzales, 408 F.3d 275, 285 (6th Cir. 2005). The applicant's testimony must be "sufficiently detailed to provide a plausible and coherent account of the basis" for a finding of persecution. Perkovic v. I.N.S., 33 F.3d 615, 621 (6th Cir. 1994) (internal quotations and citation omitted). "[T]he failure to provide reasonably available corroborating evidence 'can lead to a finding that an applicant has failed to meet [the] burden of proof,'" even if the applicant is credible.[4] Shkabari v. Gonzales, 427 F.3d 324, 331 (6th Cir. 2005) (quoting Dorosh v. Ashcroft, 398 F.3d 379, 382 (6th Cir. 2004)).

Maklaj gave only vague details about the injuries he suffered, and the BIA could not determine the gravity of the circumstances and the extent to which Maklaj was subjected to physical harm. Additionally, Maklaj failed to submit reasonably available corroborating evidence of his injuries from the neighbor who treated him. See Shkabari, 427 F.3d at 331. Maklaj's testimony

---

[4] Although the IJ clearly doubted Maklaj's testimony, see, e.g., J.A. 41–44, because the IJ did not make a clear adverse credibility determination, we accept Maklaj's testimony as true, see Gilaj, 408 F.3d at 285–86.

therefore was insufficient to establish that the harm he suffered rose to the level of persecution. See Pilica v. Ashcroft, 388 F.3d 941, 954 (6th Cir. 2004) (holding that petitioner did not suffer from past persecution when he was arrested and detained for a week after each of two demonstrations and police officers beat him, "resulting in head injuries and a week-long hospitalization").

In any event, substantial evidence supports the BIA's conclusion that Maklaj does not have a well-founded fear of future persecution because conditions in Albania have fundamentally changed.[5] See Ndrecaj v. Mukasey, 522 F.3d 667, 676–77 (6th Cir. 2008). An asylum applicant must show that he or she actually fears persecution upon return to his or her country and establish "an 'objective situation' under which his [or her] fear can be deemed reasonable." Perkovic, 33 F.3d at 620–21. Here, the 2004 State Department country reports support the BIA's conclusion that Maklaj has not established an objective situation under which his fear can be deemed reasonable. See Ndrecaj, 522 F.3d at 676–77. The reports state that there were no recent cases of political detentions, disappearances, or killings; that instances of police mistreatment are declining; and that there is no evidence that the police or others mistreated any of the numerous Albanians repatriated from various countries beginning in 2003. Additionally, the Democratic Party's victory in the 2005 elections constitutes changed circumstances that negate any well-founded fear of future persecution of Democratic Party supporters. See id.

---

[5] Although Petitioners claim that Maklaj established a well-founded fear of future persecution by private actors in Albania and request a remand for further review of those issues, Petitioners did not challenge Maklaj's fear of persecution by private actors in their brief before the BIA. Petitioners therefore did not exhaust administrative remedies as to this claim, and the court lacks jurisdiction as to this claim. See 8 U.S.C. § 1252(d)(1); Ramani v. Ashcroft, 378 F.3d 554, 558–59 (6th Cir. 2004).

No. 07-3818
*Maklaj v. Mukasey*

Petitioners' claims that they are eligible for withholding of removal under the INA and the CAT also fail. We lack jurisdiction to review the CAT claim because Petitioners did not properly challenge the denial of CAT relief before the BIA and therefore failed to exhaust administrative remedies as to that claim. See 8 U.S.C. § 1252(d)(1); Gilaj, 408 F.3d at 289–90. In any event, because Petitioners have failed to demonstrate that they are eligible for asylum, they necessarily cannot satisfy the stricter standard for withholding of removal under the INA or the CAT. See Yu v. Ashcroft, 364 F.3d 700, 703 n.3 (6th Cir. 2004).

Accordingly, we **DENY** the petition for review.