NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0346n.06

No. 09-3850

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jun 07, 2010
LEONARD GREEN, Clerk

ANTONETA PREDUCAJ,     )
    )
    Petitioner,     )
    )
v.     )    ON PETITION FOR REVIEW OF
    )    AN ORDER OF THE BOARD OF
ERIC H. HOLDER, JR., Attorney General,     )    IMMIGRATION APPEALS
    )
    Respondent.     )
    )
    )
    )

Before: BATCHELDER, Chief Circuit Judge; SUTTON and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Antoneta Preducaj seeks review of an order of the Board of Immigration Appeals (BIA) denying her application for asylum and withholding of removal. We deny her petition.

I.

Preducaj is a native and citizen of Albania. She joined Albania's Democratic Party in 2000 or 2001 and began participating in various political activities. As a result of that participation, she says, she experienced several incidents of persecution in 2003. During one incident, two men driving a police car, but not wearing police uniforms, verbally threatened her. In another, two men stopped their car near her and made threatening gestures. The third occurred as she was returning home with her family after voting. Three masked men jumped out of a car and hit her, kicked her

with steel-toed boots, and tried to abduct her. The assault required medical treatment. Afterwards, Preducaj hid at home and with relatives until she left Albania.

Preducaj entered the United States using a phony Albanian passport in early 2004. In December 2004, the Department of Homeland Security issued her a Notice to Appear, charging her with being subject to removal. Preducaj conceded removability but applied for asylum, withholding of removal, and protection under the United Nations Convention Against Torture.

An immigration judge (IJ) held a hearing on the merits of Preducaj's application. She testified with the assistance of an interpreter. The government's attorney cross-examined her regarding numerous inconsistencies between the statements she made in her original application, an affidavit she later submitted to correct dozens of errors in that application, her interview with an asylum officer, and her testimony in the immigration court. The government also produced State Department reports that showed no indication of ongoing political persecution in Albania, and evidence that Preducaj's own Democratic Party has been in power there since 2005.

Following the hearing, the IJ found that Preducaj was not credible. He also determined that, even if she had suffered past persecution based on her political opinions, the government had shown sufficient evidence of changed country circumstances in Albania to rebut a presumption of future persecution. Consequently, he denied her application.

Preducaj appealed to the BIA, which ignored the IJ's adverse-credibility finding and affirmed based upon his changed-circumstances finding. The BIA also denied Preducaj's alternative request for asylum on humanitarian grounds, concluding that her story, even if taken as true, did not present the compelling circumstances needed to justify that relief. This petition for review followed.

II.

A.

Preducaj argues that she was denied due process because the government's attorney was sarcastic and aggressive during the immigration hearing and because the immigration judge was biased against her. We review de novo alleged due process violations in removal hearings. *Hassan v. Gonzales*, 403 F.3d 429, 435 (6th Cir. 2005). "An alien must establish both error and substantial prejudice to prevail on a due process challenge to deportation proceedings." *Garza-Moreno v. Gonzales*, 489 F.3d 239, 241 (6th Cir. 2007) (citation and internal quotation marks omitted).

We begin with the attorney's allegedly unreasonable behavior. Preducaj fails to cite, and we cannot find, any case where the attorney's manner amounted to a due-process violation. At most, the transcript shows mildly abrasive or impatient comments scattered through an otherwise unremarkable hearing. Moreover, Preducaj's assertions that the attorney pursued improper lines of questioning and objected too often during her testimony are meritless.

We next consider the IJ's alleged bias. Preducaj primarily takes issue with some of the IJ's evidentiary rulings and his refusal to control the government attorney's "inappropriate behavior." We have already dispensed with the latter. As to the former, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). But Preducaj contends that the IJ's instruction following one such ruling—to "get right to the point"—reveals his bias. She is incorrect; "expressions of impatience, dissatisfaction, annoyance, and even anger" do not amount to bias. *Id.* at 555-56. Here, the IJ was merely emphasizing the boundaries of his decision—over the government's objection—to *permit* Preducaj

to testify on a topic of dubious relevance. Preducaj's due-process rights were not violated during the hearing.

B.

Preducaj challenges the BIA's denial of her application for asylum and withholding of removal. She has abandoned her claim to protection under the Convention Against Torture. Where, as here, the BIA has issued its own opinion, "we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009). Because the BIA adopted the IJ's reasoning in part, however, we will review that part of the IJ's decision as well. *Id.* We review questions of law *de novo* and factual findings for substantial evidence. *Id.* Under the substantial-evidence standard, we reverse only if "the evidence not only supports a contrary conclusion, but *compels* it." *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004).

We assume, as did the BIA, that Preducaj has established the existence of past persecution based on her political opinions. She is therefore entitled to a presumption that she has a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). That presumption may be rebutted, however, if the government shows by a preponderance of the evidence that there has been a fundamental change in circumstances in her country. *Id.*; *Ceraj v. Mukasey*, 511 F.3d 583, 592 (6th Cir. 2007). The IJ and the BIA concluded that the government made that showing here.

Preducaj argues that the IJ based his finding of changed circumstances on his adverse-credibility determination. The record shows otherwise. "[E]ven if respondent is telling the truth, country conditions changed." (Oral Dec., Jul. 19, 2007, at 52-53.) The record also clearly shows,

contrary to Preducaj's assertion, that both the IJ and the BIA properly placed the burden on the government to show changed circumstances.

The IJ discussed each of Preducaj's exhibits, mostly news articles, and noted that none of them indicated the existence of significant episodes of political violence. The IJ also reviewed the government's exhibits, which included the State Department's Country Report on Albania for 2006 as well its 2001, 2004, and 2006 Profiles of Asylum Claims and Country Conditions for Albania. The reports indicate that, while Albania has serious problems with violence and corruption, those problems are not linked to political opinion or involvement. The reports further indicate that local and national elections have been generally free and fair, including ones that have resulted in a change in the ruling political party. Moreover, Preducaj's own Democratic Party has been in power since 2005. The IJ therefore concluded that conditions in Albania no longer support a well-founded fear of future persecution and that the government had successfully rebutted Preducaj's presumption. The BIA summarized the IJ's analysis and agreed with his determination.

That determination is supported by substantial evidence here. Indeed, we have consistently upheld determinations of changed country conditions in Albania based on an identical showing. *See*, *e.g.*, *Trifoni v. Holder*, 351 F. App'x 19 (6th Cir. 2009); *Maklaj v. Mukasey*, 306 F. App'x 262 (6th Cir. 2009); *Lumaj v. Gonzales*, 193 F. App'x 557 (6th Cir. 2006). Preducaj is ineligible for asylum.

The standards for withholding of removal are similar to, but more stringent than, the standards for asylum. *See Ceraj*, 511 F.3d at 594. Preducaj's failure to meet the requirements for asylum means that she is also ineligible for withholding of removal.

C.

Preducaj also challenges the BIA's denial of asylum on humanitarian grounds. The Attorney General has discretion to grant asylum in the absence of a well-founded fear of persecution if an applicant "has demonstrated compelling reasons for being unwilling or unable to return . . . arising out of the severity of the past persecution" or if she establishes a reasonable possibility of "other serious harm" upon removal. 8 C.F.R. § 1208.13(b)(1)(iii).

Preducaj argues that the BIA lacked authority to decide her humanitarian asylum application in the first instance. That argument overlooks the fact that the IJ noted her request for asylum on this basis, (*see* Oral Dec., Jul. 19, 2007, at 14), but ultimately found that she had not established past persecution. Thus, although the IJ did not explicitly say so, it is clear that he did not find "compelling reasons" to grant asylum. The BIA did not adopt the IJ's adverse-credibility finding, but accepted her factual allegations as true for purposes of argument and assessed whether they warranted a discretionary grant of asylum, concluding they did not. *See Yu v. Ashcroft*, 364 F.3d 700, 702 n.1 (6th Cir. 2004) (noting that "the Attorney General has delegated his immigration authority to the BIA and IJ"). It did not exceed its authority in doing so. *See* 8 C.F.R. § 1003.1(d)(3)(ii) ("The Board may review questions of law, discretion, and judgment and all other issues in appeals from decisions of immigration judges de novo").

Preducaj goes on to argue that her past persecution warrants humanitarian relief. We overturn a discretionary denial of asylum only where that decision is "manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). As Preducaj herself recognizes, humanitarian asylum is reserved for victims of "atrocious forms of persecution." *See Matter of Chen*, 20 I & N Dec. 16, 19 (BIA 1989). There was none of that here.

The petition is denied.