**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0224n.06

**No. 09-4008**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
**Apr 12, 2011**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| GENTIAN ASHAFI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES BOARD OF IMMIGRATION |
| | ) | APPEALS |
| ERIC H. HOLDER, JR., Attorney General, | ) | |
| | ) | |
| Respondent. | ) | |

Before:  SUHRHEINRICH, COLE, and COOK, Circuit Judges.

COOK, Circuit Judge.  Gentian Ashafi challenges an order of the Board of Immigration Appeals (BIA) denying both his motion to remand and his application for asylum and withholding of removal.  We deny his petition.

I.

Ashafi is an Albanian native and citizen and a member of Albania's Democratic Party. Throughout his young adulthood, Ashafi's political affiliation prompted Albanian Socialist authorities to beat and threaten him.  Seeking to avoid further persecution, both Ashafi and his brother, Armand, obtained phony passports and traveled to the United States.  When immigration officials apprehended

Ashafi, he conceded removability and applied for asylum, withholding of removal, and protection under the Convention Against Torture.

An Immigration Judge (IJ) held a hearing on the merits of Ashafi's application. The government argued that, even if Ashafi had faced persecution in the past, recent changes in Albania's political landscape left him with nothing to fear. It produced reports reflecting that Ashafi's own political party has enjoyed power since 2005, and that the political parties no longer engage in persecution. Ashafi countered that, regardless of these changes, he still fears persecution because Socialists continue to control many of the local governments and have persistently harassed his family. Dr. Fischer, an expert, bolstered Ashafi's testimony with his own, opining that Ashafi may still face persecution should he return to Albania.

Following the hearing, the IJ denied Ashafi's application. Though the IJ assumed for the sake of argument that Ashafi experienced persecution in the past, she agreed with the government that changes in Albania negated any well-founded fear of future persecution.

While Ashafi's appeal of this denial pended before the BIA, an IJ in Chicago granted asylum to Ashafi's brother. The apparent disparity between these decisions spurred Ashafi to move for remand of his case. The BIA denied the motion to remand and affirmed the IJ's decision.

II.

Ashafi argues that the BIA improperly denied (a) his application for asylum and withholding of removal and (b) his motion to remand.

A.

Ashafi first challenges the denial of his application for asylum and withholding of removal. Because the BIA adopted and affirmed the IJ's decision, we examine the IJ's decision directly while considering any comments made by the BIA. *Gilaj v. Gonzales*, 408 F.3d 275, 282–83 (6th Cir. 2005) (per curiam). In reviewing the IJ's factual findings, we ask whether substantial evidence supports them. *Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004). We thus uphold these findings as long as they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole," and reverse only if "the evidence not only supports a contrary conclusion, but *compels* it." *Id*. (internal quotation marks and citation omitted).

The IJ assumed that Ashafi suffered past persecution on the basis of his political opinion, entitling him to a presumption that he possessed a well-founded fear of future persecution meriting asylum. *See* 8 C.F.R. § 1208.13(b)(1). But the government may rebut this presumption by showing, by a preponderance of the evidence, that there "has been a fundamental change in circumstances" in Ashafi's country that eliminates the need for his fear. *Id.* § 1208.13(b)(1)(i)(A).

Substantial evidence supports the IJ's determination that the government made that showing here. In finding Ashafi's presumption of fear rebutted, the IJ explained that Ashafi's own political party has maintained power since 2005, and that the U.S. State Department Country Reports on Albania suggest that, although "serious political oppression existed in the past," "no outbreaks of political violence [have occurred] since 1998." This finding aligns with a laundry list of decisions by this court recognizing that changed political circumstances prevent once-persecuted Albanians from now seeking asylum. *See, e.g.*, *Preducaj v. Holder*, 379 F. App'x 508, 511 (6th Cir. 2010); *Trifoni v. Holder*, 351 F. App'x 19, 23 (6th Cir. 2009); *Maklaj v. Mukasey*, 306 F. App'x 262, 264 (6th Cir. 2009).

Resisting this conclusion, Ashafi argues that while the political situation in Albania has improved, his personal fear of persecution has not. He notes that the IJ must determine whether he "still faces an individualized threat of future persecution, notwithstanding the changed country conditions described in the Country Reports." *See Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007). And he claims that the IJ neglected both his family's continued troubles with Albanian authorities and Dr. Fischer's testimony that he would still face danger from local Socialist sects. The IJ, Ashafi contends, should have weighed the "general information" in the Country Reports against "the specific evidence provided by [the] Petitioner."

But the IJ did precisely that. Her opinion addressed Dr. Fischer's testimony and the alleged harassment of Ashafi's family, concluding that Ashafi provided only reasons to fear "civil unrest and

general country conditions"—not "persecution." *See Akhtar v. Gonzales*, 406 F.3d 399, 405 (6th Cir. 2005). Moreover, the IJ observed that Ashafi suffered no persecution between 1992 and 1997—the last time his party was in power—and noted that Albania's current situation closely tracks that earlier period.

The IJ thus reasonably determined that, as Albanian political tensions subsided, so did Ashafi's well-founded fear of persecution. Because nothing in the record compels a contrary conclusion, *see Marku*, 380 F.3d at 986, Ashafi is ineligible for asylum. Further, Ashafi's "failure to meet the requirements for asylum means that [he] is also ineligible for withholding of removal." *See Preducaj*, 379 F. App'x at 511–12.

B.

Ashafi next challenges the BIA's denial of his motion to remand. The BIA "ordinarily will not consider a discretionary grant of a motion to remand unless the moving party meets a 'heavy burden' and presents evidence . . . [that] would likely change the result in the case." *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992). We review a denial of a motion to remand for abuse of discretion, asking whether it "was made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis such as invidious discrimination." *Sarr v. Gonzales*, 485 F.3d 354, 363 (6th Cir. 2007) (internal quotation marks and citation omitted).

Ashafi argues that his case warrants remand because, while his BIA appeal was pending, a Chicago IJ granted asylum to his brother. Though Ashafi claims he cannot access his brother's hearing records, he notes that both he and his brother experienced similar harms while in Albania, and each corroborated the other's testimony during their respective asylum proceedings. Citing *Zhang v. Gonzales*, 452 F.3d 167 (2d Cir. 2006), Ashafi contends that "[t]he fact that both brothers were in substantially the same position makes it reasonable to believe that their asylum claims should have led to the same outcome," and thus asks for a second look on remand.

But the BIA did not view Ashafi and his brother as necessarily sharing the same destiny. It noted that nothing entitles Ashafi to benefit derivatively from his sibling's asylum application, *see* 8 U.S.C. § 1158(b)(3)(A), and that an IJ's "factual findings and legal analysis are based on the totality of the record evidence specific to the instant case, and cases that may appear similar can differ in many ways." Because an asylum determination entails an individualized assessment, and Ashafi provided no legal authority mandating that an IJ "adopt the factual findings and legal conclusions of an [IJ] in another jurisdiction," the BIA concluded that Ashafi failed to meet his "heavy burden" of demonstrating that his brother's grant would entitle him to a different result on remand.

While the differing outcomes of these cases understandably frustrate Ashafi, his arguments fail to clear the high abuse-of-discretion hurdle. In *Zhang*, the sole case on which he relies, the Second Circuit found that the BIA abused its discretion because it provided no explanation for

denying a similar motion to remand. 452 F.3d at 174. Here, however, the BIA rationally explained its decision: Ashafi and his brother received individualized hearings from different IJs in different jurisdictions against different government parties, and Ashafi presented no evidence that would compel a new result for him on remand. Because Ashafi otherwise fails to offer any "established policies" from which the BIA's decision departed or any "impermissible" basis on which it rested, we have no grounds on which to discern an abuse of discretion. *See Sarr*, 485 F.3d at 363.

III.

For these reasons, we deny Ashafi's petition.