**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0285n.06

No. 09-3914

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*May 03, 2011*

LEONARD GREEN, Clerk

AMADOU TIDJANE LY, aka Amadou )
Tidiane Ly, )
                     )
        Petitioner, )
                     )   ON APPEAL FROM THE UNITED
v. )   STATES BOARD OF IMMIGRATION
                     )   APPEALS
ERIC HOLDER, JR., Attorney General; )
DEPARTMENT OF HOMELAND )
SECURITY, )
                     )
        Respondents. )

Before: GILMAN, GIBBONS, and COOK, Circuit Judges.

COOK, Circuit Judge. Amadou Tidiane Ly challenges an order of the Board of Immigration
Appeals (BIA) denying his application for asylum, withholding of removal, and protection under the
Convention Against Torture (CAT). We deny his petition.

I.

Ly is a Mauritanian native and citizen. While attending the University of Nouakchott, Ly led
an organization devoted to education reform. This angered Mauritanian authorities, who allegedly
arrested Ly, threatened him, and imprisoned him under grueling conditions. One month into his
imprisonment, two officers released Ly at the direction of his brother-in-law, a judge. But they told

Ly that, unless he left the country, they might face consequences for releasing him and he might face further danger.

Heeding the officers' warning, Ly left Mauritania and entered the United States using a phony passport. Citing the experiences surrounding his imprisonment, Ly then applied for asylum, withholding of removal, and protection under CAT.

An Immigration Judge (IJ) evaluated the merits of Ly's application. The IJ found Ly credible but determined that his experiences, though harsh, did not constitute "past persecution." The IJ further held that Ly failed to establish a well-founded fear of future persecution in Mauritania. Accordingly, the IJ denied Ly's request for asylum and withholding of removal. And, finding no evidence of torture, he denied Ly's request for relief under CAT.

Ly appealed to the BIA, which adopted and affirmed the IJ's decision. The BIA agreed with the IJ's analysis on the asylum and withholding of removal claims, and deemed Ly's CAT claim waived because he failed to meaningfully challenge its denial. This petition followed.

II.

Ly argues that (a) substantial evidence does not support the IJ's denial of asylum and withholding of removal, (b) the IJ violated his due process rights by issuing unclear findings, and

(c) events in Mauritania following the IJ's decision require remand.[1]  Because the BIA adopted and affirmed the IJ's decision, we examine the IJ's decision directly while considering any comments made by the BIA.  *See Gilaj v. Gonzales*, 408 F.3d 275, 282–83 (6th Cir. 2005) (per curiam).

A.

Ly bears the burden of proving entitlement to asylum by demonstrating either (1) past persecution or (2) a well-founded fear of future persecution in Mauritania.  *See* 8 C.F.R. § 1208.13(a), (b).  The IJ concluded that Ly failed on both fronts, a conclusion we review for substantial evidence.  *See Marku v. Ashcroft*, 380 F.3d 982, 986 (6th Cir. 2004).  We will uphold the decision "as long as it is supported by reasonable, substantial, and probative evidence on the record considered as a whole," and will reverse only if "the evidence not only supports a contrary conclusion, but *compels* it."  *Id*. (internal quotation marks and citation omitted).

1.

Ly first contends that his imprisonment ordeal constitutes past persecution.  He alleges that Mauritanian authorities threatened to kill him, and that they imprisoned him for one month under

---

[1] Though Ly also argues in his petition that he is entitled to humanitarian asylum and relief under CAT, we need not address these claims because we "lack[] jurisdiction to review any issues that have not been raised and administratively exhausted below." *Alizoti v. Gonzales*, 477 F.3d 448, 451 (6th Cir. 2007).  Ly failed to raise his humanitarian asylum claim at any point before the agency, and, though he used the word "torture" in passing while arguing the asylum issue in his appeal to the BIA, the BIA correctly noted that he failed to meaningfully argue for relief under CAT itself.

harsh conditions: they placed him in a small cell with about ten other prisoners; gave him no mattresses or mats to sleep on; made him request to leave the cell to use the bathroom; and fed him a diet consisting mainly of rice. But Ly does not allege that he suffered beatings, starvation, or significant harm, and he conceded that he did not have "any major problem" in prison.

The IJ reasonably found that the conditions of Ly's imprisonment failed to rise to the level of past persecution under this court's precedent. "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive," *Ali v. Ashcroft*, 366 F.3d 407, 410 (6th Cir. 2004) (alteration in original) (internal quotation marks and citation omitted), and we have held that similar isolated periods of imprisonment—even those accompanied by allegations of threats and physical abuse—do not compel a finding of persecution, *see, e.g.*, *Dubal v. Mukasey*, 257 F. App'x 875, 877–78 (6th Cir. 2007); *Pilica v. Ashcroft*, 388 F.3d 941, 954 (6th Cir. 2004); *Mullai v. Ashcroft*, 385 F.3d 635, 637–39 (6th Cir. 2004).

In the face of this precedent, Ly offers no evidence or authority compelling a contrary conclusion. Though he cites two cases that generally support his position, both involve allegations of persistent threats and physical abuse, which Ly does not allege. *See Gilaj*, 408 F.3d at 285–86; *Ouda v. INS*, 324 F.3d 445, 453–54 (6th Cir. 2003). Accordingly, we find that substantial evidence supports the IJ's findings on this front. *See Marku*, 380 F.3d at 986.

2.

Had Ly established past persecution, the regulations would presume that he held a well-founded fear of future persecution, and the burden would shift to the government to show that a change of conditions in Mauritania eliminated the basis for his particular fear. *See* 8 C.F.R. § 1208.13(b)(1). But Ly's inability to demonstrate past persecution burdens him with proving a well-founded fear of future persecution—one that is "both subjectively genuine and objectively reasonable." *Mikhailevitch v. INS*, 146 F.3d 384, 389 (6th Cir. 1998).

Ly fails to appreciate this burden. He spends a great deal of time contending that, in light of "the legal presumption in [his] favor," the agency botched its change-of-conditions analysis by overly deferring to the government and neglecting to address the subtleties of his situation. This entire line of argument is inapposite: there was no rebuttable presumption in Ly's favor—and no required change-of-conditions analysis—in the absence of Ly first establishing past persecution.

With the burden properly on Ly, his efforts to establish a well-founded fear of persecution fall short. Ly allegedly fears, because of the officers' warning, that he will be imprisoned or killed if he returns to Mauritania and resumes his studies. In finding this fear objectively unreasonable, the IJ explained that the U.S. State Department Country Reports disclose that Mauritania's human rights record has improved since Ly left, and that the government does "not restrict . . . academic freedom." The IJ's holding aligns with our decisions in several recent cases upholding "findings . . . that the changed country conditions in Mauritania reduce any objective fear of future persecution." *Ly v. Holder*, 396 F. App'x 304, 310 (6th Cir. 2010) (collecting cases).

Resisting this conclusion, Ly notes that the Country Reports also contain some evidence supporting his fear. But this court cannot reverse "simply because it is convinced that it would have decided the case differently." *Sylla v. INS*, 388 F.3d 924, 925–26 (6th Cir. 2004) (internal quotation marks and citation omitted). The IJ reasonably pointed to country-condition evidence in determining that Ly failed to carry his burden, and we see nothing in the record that compels a contrary conclusion. *See Marku*, 380 F.3d at 986. Ly is thus ineligible for asylum.

3.

Because "[t]he standards for withholding of removal are similar to, but more stringent than, the standards for asylum," Ly's "failure to meet the requirements for asylum means that [he] is also ineligible for withholding of removal." *Preducaj v. Holder*, 379 F. App'x 508, 511–12 (6th Cir. 2010).

B.

Ly next argues that the IJ and the BIA deprived him of procedural due process by "ground[ing] their decisions to deny [his] claims upon unclear findings." We review this claim de novo, *Ndrecaj v. Mukasey*, 522 F.3d 667, 673 (6th Cir. 2008), and affirm if the IJ and BIA provided sufficiently thorough explanations "to allow us to meaningfully review their decisions," *Al-Ghorbani v. Holder*, 585 F.3d 980, 993 (6th Cir. 2009); *see also Scorteanu v. INS*, 339 F.3d 407, 412 (6th Cir. 2003).

The IJ's sixteen-page decision—which the BIA affirmed and adopted— satisfies this modest standard. In it, the IJ identified the issues and legal standards; summarized the evidence; articulated clear findings with respect to credibility, corroboration, past persecution, fear of future persecution, withholding of removal, and relief under CAT; and explained his decision to deny all forms of relief. In a two-page order, the BIA gave its reasons for adopting and affirming the decision and addressed Ly's appellate arguments. Because the agency's decision allows for meaningful appellate review, we find no due process violation. *See Al-Ghorbani*, 585 F.3d at 993.

## C.

Finally, Ly requests remand based on recent events in Mauritania not included in the record. Ly could have brought this argument to the BIA while his appeal there was pending. *See* 8 C.F.R. § 1003.1(d)(3)(iv). And Ly may still weave this argument into a motion to reopen with the BIA if Mauritania's change in conditions "is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C. § 1229a(c)(7)(C)(ii). But he may not present it to this court, which considers only "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A); *see also Lin v. Holder*, 565 F.3d 971, 978–79 (6th Cir. 2009).

## III.

For these reasons, we deny Ly's petition for review.