**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0574n.06

No.  12-3907

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|                                                   |   |
|---------------------------------------------------|---|
| EN HUA ZHU,                                       | ) |
|                                                   | ) |
|     Petitioner,               | ) |
|                                                   | ) |
| v.                                                | ) |
|                                                   | ) |
| ERIC H. HOLDER, JR., Attorney General,            | ) |
|                                                   | ) |
|     Respondent.               | ) |

**FILED**
*Jun 13, 2013*
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE UNITED STATES
BOARD OF IMMIGRATION
APPEALS

BEFORE:  BOGGS and DONALD, Circuit Judges; STAMP, District Judge.[*]

PER CURIAM.  En Hua Zhu petitions for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ) decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  For the reasons set forth below, we DISMISS Zhu's petition in part and DENY the remainder of his petiiton.

Zhu, a native and citizen of China, entered the United States without inspection on November 5, 2007.  Zhu filed an application for asylum, withholding of removal, and CAT protection, seeking relief based on his religion and political opinion.  Zhu asserted that the Chinese government persecuted him because of his Christian beliefs and participation in private Christian gatherings. The

_____

[*]The Honorable Frederick P. Stamp, Jr., United States District Judge for the Northern District of West Virginia, sitting by designation.

Department of Homeland Security subsequently served Zhu with a notice to appear charging him with removability under § 212(a)(6)(A)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled. Zhu admitted the factual allegations contained in the notice to appear and conceded removability as charged.

After a removal hearing, the IJ found that Zhu lacked credibility and that he failed to meet his burden of establishing eligibility for asylum, withholding of removal, and CAT protection. Accordingly, the IJ denied Zhu's applications for relief and ordered his removal to China.

Zhu filed an appeal from the IJ's decision, which the BIA dismissed. The BIA noted that Zhu failed to appeal the IJ's denial of his applications for withholding of removal and CAT protection and considered those issues waived. Assuming Zhu's credibility, the BIA agreed with the IJ that Zhu failed to establish eligibility for asylum.

Zhu timely petitioned this court for review, asserting that the BIA abused its discretion and erred as a matter of law in affirming the IJ's denial of his applications for asylum, withholding of removal, and CAT protection. We lack jurisdiction to review Zhu's claims for withholding of removal and CAT protection because he failed to exhaust those claims before the BIA. *See Ramani v. Ashcroft*, 378 F.3d 554, 559-60 (6th Cir. 2004). Therefore, we dismiss this portion of Zhu's petition.

Where, as here, "the BIA reviews the immigration judge's decision and issues a separate opinion, rather than summarily affirming the immigration judge's decision, we review the BIA's decision as the final agency determination." *Khalili v. Holder*, 557 F.3d 429, 435 (6th Cir. 2009).

"To the extent the BIA adopted the immigration judge's reasoning, however, this Court also reviews the immigration judge's decision." *Id*.

An asylum applicant bears the burden of proving refugee status by demonstrating either past persecution or a well-founded fear of future persecution on account of a protected ground. 8 C.F.R. § 1208.13(a)-(b); *see Ndrecaj v. Mukasey*, 522 F.3d 667, 674 (6th Cir. 2008). We review the agency's factual determination as to whether an asylum applicant qualifies as a refugee for substantial evidence. *Yu v. Ashcroft*, 364 F.3d 700, 702 (6th Cir. 2004). Under that standard, "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Substantial evidence supports the BIA's determination that Zhu's alleged mistreatment did not rise to the level of persecution. Zhu testified that, on February 20, 2005, he and other Christians were meeting at a house when police knocked on the door and arrested them for conducting an illegal Christian meeting. Zhu was transported to the police station, where he was interrogated for almost an hour. When Zhu refused to name the leader and other members of the congregation, the police beat him with a baton, kicked him, and forced him to kneel on the ground for thirty minutes. Zhu did not require any medical attention following the interrogation. Zhu was detained in a small room for a month, with nothing further happening with the police. Zhu was released when his parents bailed him out by paying 20,000 renminbi. Upon Zhu's release, the police required him to guarantee that he would not participate in any underground church activities and to report to the local police station on a monthly basis. "[W]e have held that similar isolated periods of imprisonment – even those accompanied by allegations of threats and physical abuse – do not compel a finding of

persecution." *Ly v. Holder*, 421 F. App'x 575, 577 (6th Cir. 2011); *see, e.g.*, *Dubal v. Mukasey*, 257 F. App'x 875, 877-78 (6th Cir. 2007); *Mohammed v. Keisler*, 507 F.3d 369, 371 (6th Cir. 2007); *Pilica v. Ashcroft*, 388 F.3d 941, 954 (6th Cir. 2004); *Mullai v. Ashcroft*, 385 F.3d 635, 637-39 (6th Cir. 2004). In addition, the fact that Zhu remained in China without incident for more than two years after his release undermines a finding of past persecution. *See Almuhtaseb v. Gonzales*, 453 F.3d 743, 750 (6th Cir. 2006).

To establish a well-founded fear of future persecution, Zhu must demonstrate: "(1) that he has a fear of persecution in his home country on account of" a protected ground; "(2) that there is a reasonable possibility of suffering such persecution if he were to return to that country; and (3) that he is unable or unwilling to return to that country because of such fear." *Pilica*, 388 F.3d at 950; *see* 8 C.F.R. § 1208.13(b)(2)(i). Zhu's fear of future persecution "must be both subjectively genuine and objectively reasonable," *Mapouya v. Gonzales*, 487 F.3d 396, 412 (6th Cir. 2007) (internal quotation marks omitted), and "must be based on reasonably specific information showing a real threat to individual persecution, not mere assertions of fear of possible persecution or speculative conclusions," *Dieng v. Holder*, 698 F.3d 866, 872 (6th Cir. 2012).

Zhu asserted that, if he returned to China, he would attend an underground church and, as a result, he would be arrested, fined, jailed, and otherwise mistreated. But, when asked if there have been any negative repercussions since he left China in 2007, Zhu responded, "They did not send anybody to look for me." The statements from Zhu's parents and Sister Lin, a leader in his underground church, did not describe any recent interaction with Chinese authorities. Zhu pointed to State Department reports and media accounts regarding the worsening conditions for Christians

in China, but those reports are "not unequivocal." *See Hua Tu Lin v. Holder*, 412 F. App'x 848, 855 (6th Cir. 2011). Substantial evidence supports the BIA's determination that Zhu failed to demonstrate an objectively reasonable fear of future persecution.

In his appeal to the BIA, Zhu failed to challenge the IJ's finding that he could safely relocate to another area of China where unregistered religious services are tolerated. Zhu's argument that he cannot relocate within China to practice his religion is therefore unexhausted and cannot be reviewed by this court. *See Ramani*, 378 F.3d at 559-60.

For the foregoing reasons, we DISMISS Zhu's petition with respect to his unexhausted claims, and DENY the petition as to the remainder of the issues.